UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 24-10627-MWF (ASx) | **Date:** December 3, 2025 |
| **Title:** | Stephen Galanis v. Secure Capital Corporation | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings (In Chambers):**  ORDER GRANTING PLAINTIFF'S RENEWED MOTION TO ENFORCE SETTLEMENT [34]

Before the Court is the Renewed Motion to Enforce Settlement (the "Motion") filed on October 29, 2025, by Plaintiff Stephen Galanis against Defendant Secure One Capital Corporation. (Docket No. 34). No opposition or reply was filed.

The Motion was noticed to be heard on **December 1, 2025**. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion is **GRANTED**. The parties stipulated on the record at the last hearing to the material terms of the agreement, and thus the settlement agreement is enforceable.

## I. BACKGROUND

Plaintiff initiated this action on December 19, 2024. (Docket No. 1). On January 28, 2025, Plaintiff filed his First Amended Complaint. (Docket No. 10 ("FAC")). Plaintiff alleges in the FAC that he registered his cell phone number on the federal Do Not Call Registry in March 2010, but that Defendant made several unauthorized calls or text messages to Plaintiff's cell phone number between November 2023 and January 2024. (*Id.* ¶ 22, 25). The FAC alleged both individual and class claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-10627-MWF (ASx) | **Date:** December 3, 2025 |
| **Title:** Stephen Galanis v. Secure Capital Corporation | |

227(c)(5), and the regulations implementing that section (47 C.F.R. § 64.1200(c)). (*Id.* ¶ 1).

On March 19, 2025, Plaintiff filed a Status Report indicating that Plaintiff agreed to an extension of time requested by Defendant's counsel to respond to the FAC. (Docket No. 18). The Court granted the extension. (Docket No. 20). After Defendant failed to file any response to the FAC, Plaintiff requested that the Clerk enter default against the Defendant. (Docket No. 21). Default was entered by the Clerk on April 9, 2025. (Docket No. 22).

On May 9, 2025, Plaintiff filed a Notice of Settlement-In-Principle advising the Court that the parties had reached a settlement and that he would not be moving for default to allow time to work out the particular terms of the settlement agreement. (Docket No. 24).

On July 27, 2025, Plaintiff filed his first Motion to Enforce Settlement. (Docket No. 27). At the hearing on that motion held on August 25, 2025, counsel for both parties appeared. Defendant's counsel represented that he had confirmed with his client that they agreed to the terms of the settlement in principle — specifically, counsel for Defendant stated on the record that Defendant would pay Plaintiff a sum of $5,000 in exchange for release of Plaintiff's legal claims. Accordingly, the Court stated at the hearing and in an Order following the hearing that the parties should work out any additional details of settlement and file a stipulation to that effect with the Court. (*See* Docket No. 32). If the parties failed to come to an agreement, the Court indicated that Plaintiff could file a renewed motion to enforce the settlement. (*Id.*). This Motion followed.

## II.  DISCUSSION

Defendants' failure to file an Opposition is a sufficient reason to grant the Motion. *See* Local Rule 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."); *Ewing v. Ruano*, No. CV 09-08471-VAP (ANx), at *1 (C.D. Cal. June 12,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-10627-MWF (ASx) | **Date:** December 3, 2025 |
| **Title:** Stephen Galanis v. Secure Capital Corporation | |

2012) ("As noted, Plaintiff failed to oppose the defendants' motion to dismiss by the deadline established in the Local Rules. Accordingly, pursuant to Local Rule 7-12, the Court finds good cause for granting the defendants' unopposed motion to dismiss.").

On the merits, it is also appropriate to grant the Motion. Disputes over the enforcement of a settlement agreement are governed by the ordinary principles of state contract law. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 n.7 (9th Cir. 2012); *Botefur v. City of Eagle Point*, 7 F.3d 152, 156 (9th Cir. 1993). Moreover, a district court has the authority to "summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it." *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1995) (quoting *Autera v. Robinson*, 419 F.2d 1197, 1200 (D.C. Cir. 1969)). A valid and enforceable settlement agreement may be based on the oral affirmation of a party in open court. *See Doi v. Halekulani Corp.*, 276 F.3d 1131, 1137–40 (9th Cir. 2002).

Here, the parties stated on the record at the August 25, 2025, hearing that they agreed to the material terms of the settlement. Specifically, counsel for both parties stated that Defendant would pay Plaintiff $5,000 in exchange for a release of his putative claims. These terms are precisely what Plaintiff seeks to enforce now with this Motion, after negotiations over a written settlement have stalled. (*See* [Proposed] Order Enforcing Settlement and Entering Judgment (Docket No. 34-5)).

Accordingly, the Motion to Enforce Settlement is **GRANTED**. A separate judgment shall issue.

While Plaintiff also seeks particular costs with this Motion, the Court instructs Plaintiff to file an Application to the Clerk to Tax Costs in accordance with Local Rule 54-2.

IT IS SO ORDERED.